**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF FLORIDA**
**PENSACOLA DIVISION**

**SEAN PARKINSON,**

**Plaintiff,**

**v.** **CASE NO. 3:26cv4462-MCR-HTC**

**MATTHEW ROSS,**

**Defendant.**
______________________________/

# ORDER

Plaintiff Sean Parkinson filed suit in state court against Defendant Matthew Ross, seeking an unspecified amount of damages exceeding $50,000 for injuries arising out of an automobile accident that occurred on May 21, 2024.[1] Ross was served on May 29, 2026, and timely removed the case to this Court on grounds of diversity jurisdiction. *See* 28 U.S.C. §§ 1332(a), 1441(a). Parkinson moved to remand the case to state court. The motion is denied as follows.

The defendant's notice of removal must contain "a short and plain statement of the grounds for removal," must be "signed pursuant to Rule 11 of the Federal

[1] The Complaint alleges that Parkinson suffered permanent or continuing bodily injury "resulting in past and future medical expenses, past and future pain and suffering, disability, disfigurement, mental anguish, loss of capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of ability to earn money, aggravation of a previously existing condition, and other legal damages as are yet undetermined." ECF No. 1–1 ¶ 11.

Rules of Civil Procedure," and include a copy of all state court pleadings. 28 U.S.C. § 1446(a). When the complaint does not assert a specific amount of damages exceeding the jurisdictional threshold, a removing defendant asserting diversity jurisdiction bears the burden of establishing federal jurisdiction by a preponderance of the evidence. *See Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002). The court can consider the pleadings, notice of removal, other evidence existing at the time of removal, and draw reasonable deductions and inferences from them using "judicial experience and common sense." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010); *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010). Lack of subject matter jurisdiction requires remand to the state court. *See* 28 U.S.C. § 1447(c).

Parkinson argues that his complaint was not specific as to damages and that no documentation has been presented to the Court to establish the amount in controversy at the time of removal. The Court disagrees. Ross made specific allegations in the Notice of Removal, asserting that his insurance includes bodily injury coverage of $250,000 per person and $500,000 per accident, that Parkinson demanded policy limits, and that on November 3, 2025 (before suit was filed and well before removal), Plaintiff's counsel sent a demand letter citing Parkinson's

medical bills at $317,010.95.[2] Now that Parkinson has challenged those allegations, Ross has substantiated them with evidence consisting of Parkinson's counsel's demand letters and accompanying medical bills. *See* ECF No. 6–2, –3. Far from mere puffing and posturing, these exhibits show that Parkinson's counsel explicitly demanded payment of medical bills then totaling approximately $317,010.95, supported by his medical bills. It's beyond question that the medical bills alone exceed the Court's jurisdictional threshold. A removing defendant "is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *Pretka*, 608 F.3d at 754. The Court is satisfied that the amount in controversy is met by a preponderance of the evidence.

The Amended Motion to Remand, ECF No. 13, is **DENIED**.

**DONE AND ORDERED** this 14th day of November 2026.

M. Casey Rodgers

**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

[2] While the Notice of Removal cited Exhibit 4 as containing that correspondence and the medical bills, only an insurance policy was included in that exhibit.